UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK HALEEM SWINTON,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No. 22-cv-04276-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 27, 38 |

Plaintiff has filed this *pro se* action. Now pending before the Court are the motions to dismiss filed by defendant GEO Group, ECF No. 27, and by the Federal Bureau of Prisons and the Department of Justice (collectively, the "Federal Defendants"), ECF No. 38. For the reasons set forth below, the Court GRANTS the motions to dismiss, ECF Nos. 27, 38, and DISMISSES the complaint with leave to amend.

**BACKGROUND**

**I.     Complaint**

In the form complaint, Plaintiff states that he is suing two defendants, but lists four defendants. He lists two entities, the Department of Justice Federal Bureau of Prisons and GEO Group; and two individuals, James Highman, whom he identifies as the residential reentry manager, and Mr. Lang, whom he identifies as the GEO Group house director. ECF No. 9 at 2.

The complaint makes the following allegations.

On or around September 6, 2020, Plaintiff was residing at the GEO Group's Oakland halfway house. That day, the GEO Group falsely accused Plaintiff of impersonating a peace officer with the intent of buying or hiding a concealed weapon, resulting in Plaintiff being held in custody for over approximately two months. During that time, because "they" were "trying to

cover everything up," and the BOP and Highman refused to tell Plaintiff why he was in custody, despite knowing the "actual truth." Plaintiff was told by public defender John Richman that this was a "Lock Away Issue," whereby African Americans are locked away without a charge or a crime. This is the second time that the BOP has falsely accused Plaintiff of impersonating a peace officer with the intent of buying or hiding a concealed weapon. In 2017, similar charges were brought against Plaintiff in Tulsa, Oklahoma. The charges were false and the Tulsa, Oklahoma court ultimately dropped all the charges and expunged Plaintiff's record.

Plaintiff was released from BOP custody on November 26, 2020. Plaintiff moved to San Francisco upon his release. From November 2020 to March 2021, Defendants refused to allow Plaintiff to leave San Francisco for Las Vegas, Nevada, despite the court order that stated that Plaintiff was to reside near his primary residence in Las Vegas. On March 3, 2021, Plaintiff found himself homeless and stranded in San Francisco, without money, food, water, or transportation, and with no family or friends. Plaintiff was forced to move to Indiana because residing in "expensive San Francisco" worsened his mental and physical disabilities. As a result of these events, Plaintiff has experienced extreme pain, stress, anxiety, depression, and insomnia, as well as mental psychological and physical stress. Plaintiff has also lost thousands of dollars from lost wages and medical treatment; and has spent all his money on hotels, moving from California to Indiana, and picking up his furniture from Las Vegas. ECF No. 9 at 6-8.

Plaintiff alleges that these actions were unlawful because they violated the Fifth Amendment's Due Process Clause, the Sixth Amendment "[r]ight to defend myself," the Eighth Amendment's prohibition against cruel and unusual punishment, the Fourteenth Amendment's citizenship rights, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 18 U.S.C. § 3621, which provides that Plaintiff must be placed within 500 miles of his primary residence of Las Vegas, Nevada, and 60 Am. Jur. 2nd Penal and Correctional Etc. 122 American Jurisprudence 2nd Ed., which provides that Plaintiff's civil rights include drug and alcohol treatment; and they constituted malicious prosecution, false imprisonment, negligence, prejudice, retaliation, double jeopardy, abuse of process, abuse of authority, wrongful arrest, injury of innocent bystander, discrimination, racial profiling, dishonesty, libel, slander, defamation of character, and failure to

intervene. *See generally* ECF No. 9 at 4.

Plaintiff alleges that he is entitled to punitive damages in excess of $1 million because Defendants' conduct was reckless, wanton, intentional, motivated by ill will, malicious, oppressive, malevolent and outside acceptable social norms; and because this is the second time that the BOP has fraudulently and intentionally falsely accused him. ECF No. 9 at 8.

## II.     Motions to Dismiss

### A.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide a short and plain statement of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

"[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint, *Paulsen*, 559 F.3d at 1071, and need not accept as true legal conclusions cast in the form of factual allegations, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court "may generally

1  consider only allegations contained in the pleadings, exhibits attached to the complaint, and
2  matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506
3  F.3d 895, 899 (9th Cir.2007) (citation and quotation marks omitted).

### B.    Motions to Dismiss

Both defendant GEO Group and the Federal Defendants have filed motions to dismiss. ECF No. 27 (defendant GEO Group's motion to dismiss); ECF No. 38 (Federal Defendants' motion to dismiss). Plaintiff has filed an opposition to defendant GEO Group's motion to dismiss, ECF No. 33; defendant GEO Group has filed a reply, ECF No. 36; and Plaintiff has filed an unauthorized surreply, ECF No. 37. Plaintiff has filed an opposition to the Federal Defendants' motion to dismiss, ECF No. 39; the Federal Defendants have filed a reply, ECF No. 40; and Plaintiff has filed two unauthorized surreplies, ECF Nos. 41, 42. N.D. Cal. L.R. 7-3(d) provides that once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except if new evidence has been submitted in the reply or a relevant judicial opinion was published after the date the opposition or reply was filed by filing. N.D. Cal. L.R. 7-3(d). Accordingly, the Court construes ECF No. 37 as a request for leave to file a surreply to defendant GEO Group's motion to dismiss, and construes ECF Nos. 41 and 42 as requests for leave to file surreplies to the Federal Defendants' motion to dismiss. Plaintiff's requests for leave to file a surreply are DENIED. ECF Nos. 37, 31, 42. The reply briefs filed by defendant GEO Group and the Federal Defendants in support of their motion to dismiss did not submit new evidence, and Plaintiff's surreplies did not reference a newly published relevant judicial opinion. *See* ECF Nos. 37, 31, 42.[1]

In its motion to dismiss, Defendant GEO Group argues that the complaint should be dismissed because it fails to state a claim against GEO Group. GEO Group argues that Plaintiff has listed potential legal claims but has not linked any defendant to each specific legal claim and

---

[1] Plaintiff's proposed surreplies purport to provide evidence of prior wrongdoing by the GEO Group and the Federal Defendants and evidence that Plaintiff exhausted his administrative remedies. ECF Nos. 37, 41, 42. However, in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court may only consider the complaint and its attached exhibits, and matters properly subject to judicial notice." *Outdoor Media Group, Inc.*, 506 F.3d at 899. The Court may not consider evidence provided in pleadings outside of the complaint.

4

1   has not provided a factual basis for each specific legal claim.  In the alternative, GEO Group
2   requests that Plaintiff be ordered to provide a more definite statement.  ECF No. 36.  In his
3   opposition, Plaintiff repeats his complaint nearly verbatim and makes the following additional
4   allegations.  He alleges that one of his attorneys said the charges were ridiculous because the
5   Oakland halfway house was on lockdown at the time of the relevant events; that Plaintiff never
6   received an apology and was moved to San Francisco; that it took a month for the Oakland
7   halfway house to release his property (clothes, wallet, identification, books, and cellphone) to him;
8   and that GEO Group was acting at the direction of the United States Marshals.  ECF No. 33.
9         The Federal Defendants argue that the complaint should be dismissed for the following
10  reasons.  First, the Federal Defendants argue that the tort claims should be dismissed for lack of
11  subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies for
12  these claims.  Second, the Federal Defendants argue that the federal claims should be dismissed
13  for failure to state a claim.  In the alternative, the Federal Defendants argue that the Court should
14  dismiss the complaint pursuant to Fed. R. Civ. P. 12(e) and require Plaintiff to provide a more
15  definite statement.  *See generally* ECF Nos. 38, 40.  In response, Plaintiff repeats and elaborates
16  upon the allegations made in his complaint.  Plaintiff also argues that the complaint should not be
17  dismissed with prejudice because this is not the first time that the Federal Defendants have
18  retaliated and lied to the courts.  ECF No. 39.

19      **C.**    **Dismissal with Leave to Amend**

20        As explained in further detail below, the Court GRANTS the Federal Defendants' motion
21  to dismiss and GEO Group's motion to dismiss because it is unclear whom Plaintiff seeks to sue
22  and what federal statute or federal constitutional provision was violated by each alleged action.  In
23  his oppositions, Plaintiff makes additional factual allegations that he argues establish the GEO
24  Group and Federal Defendants' wrongdoing.  However, in considering a motion to dismiss, the
25  Court generally may not consider evidence provided in pleadings outside of the complaint.
26  Plaintiff may include these additional allegations in the amended complaint, if appropriate.  The
27  Court dismisses with prejudice Plaintiff's claim for a violation of 18 U.S.C. § 3621 for failure to
28  state a claim.  The Court DISMISSES the remainder of the complaint with leave to amend.  *See*

5

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

The complaint suffers from the following deficiencies.

First, it is unclear whom Plaintiff seeks to sue. According to the complaint, Plaintiff only seeks to sue two defendants, but he has listed as defendants the Department of Justice, the Federal Bureau of Prisons, GEO Group, BOP residential reentry manager James Highman, and GEO Group house director Lang. In preparing an amended complaint, Plaintiff should specify if he is suing the entities and the individuals, or only suing the entities, or only suing the individuals. Plaintiff should be careful to distinguish between the actions taken by an individual and actions taken by an entity. For example, the complaint alleges that (1) Mr. Lang called Plaintiff into the office at 8:00 a.m. and asked him questions about his past accomplishments and whether he took medication, and the United States Marshal arrested Plaintiff five minutes later; and (2) GEO Group told a lie about him. It is unclear whether Plaintiff is attributing Mr. Lang's actions to the GEO Group, or vice versa. If Plaintiff is alleging that an entity authorized the employee's actions, Plaintiff should proffer enough facts from which it may be reasonably inferred that the entity was aware of, and/or authorized, the employee's allegedly unlawful or unconstitutional actions.

Second, it is unclear what federal statute or federal constitutional provision was violated by each alleged action. On the fourth page of his complaint, Plaintiff lists various federal constitutional provisions, state law causes of actions, federal statutes, and state statutes that he claims "are at issue in this case." He also cites to treatises and one case. However, in the body of the complaint wherein he makes factual allegations, Plaintiff does not specify which action allegedly violated the various constitutional provisions or statutes, or state state-law causes of actions. In preparing an amended complaint, Plaintiff should use the form complaint and, for each cause of action, identify the individual defendant(s) that committed the alleged constitutional violation, specify the constitutional provision violated, specify the date and time of the alleged constitutional violation, and describe briefly what happened that violated his constitutional rights. The Court will not attempt to identify causes of actions from a narrative of events and a separate list of constitutional provisions, federal statutes, state law claims, and legal terms.

6

1    Third, to the extent that Plaintiff is seeking to assert tort claims against the Federal Bureau
2    of Prisons ("BOP") or its employees, the Federal Defendants are correct that (1) Plaintiff is
3    required to exhaust his administrative remedies for these tort claims and (2) these tort claims may
4    be barred by the Federal Tort Claims Act ("FTCA"). To assist Plaintiff in preparing an amended
5    complaint, the Court reviews the following relevant legal principles.

6    "Absent a waiver, sovereign immunity shields the Federal Government and its agencies
7    from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States has waived its
8    sovereign immunity with respect to certain tort claims, but its waiver only allows claims against
9    the United States. *Id*. at 475-76; *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *see* 28
10   U.S.C § 1346(b)(1). Although such claims can arise from the acts or omissions of United States
11   agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." *Craft*, 157 F.3d at
12   706. "[T]he United States is the only proper party defendant in an FTCA action." *Kennedy v.*
13   *U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). The BOP is not a proper defendant in an
14   FTCA action. *See Craft*, 157 F.3d at 706 (although FTCA claims can arise from acts or omissions
15   of federal agencies, "an agency itself cannot be sued under the FTCA").

16   The FTCA expressly bars claims for intentional torts such as assault, battery, false
17   imprisonment, false arrest, and malicious prosecution. *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th
18   Cir. 1996) (citing 28 U.S.C. § 2680(h)). The exception in 28 U.S.C. § 2680(h) for
19   misrepresentation encompasses both intentional and negligent misrepresentation, *Pauly v.*
20   *U.S.D.A.*, 348 F.3d 1143, 1151 (9th Cir. 2003), and the exception for false imprisonment cannot
21   be overcome by labeling the claim as one for negligence, *see Snow-Erlin v. United States*, 470
22   F.3d 804, 808 (9th Cir. 2006) ("If the gravamen of Plaintiff's complaint is a claim for an excluded
23   tort under § 2680(h), then the claim is barred" regardless of label plaintiff uses). However, the
24   intentional torts exception does not apply to false imprisonment, false arrest, abuse of process or
25   malicious prosecution committed by an "investigative or law enforcement officer," which is
26   defined "any officer of the United States who is empowered by law to execute searches, to seize
27   evidence, or to make arrests for violations of Federal law." *See* 28 U.S.C. § 2680(h).
28   To seek remedy for violations of constitutional rights committed by federal officials acting

7

1    in their individual capacities, a plaintiff should bring a *Bivens* action. *Consejo de Desarrollo*

2    *Economico de Mexicali*, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007). However,

3    the Supreme Court has refused to extend *Bivens* remedies to federal agencies. *Meyer*, 510 U.S. at

4    485-86; *Consejo*, 482 F.3d 1173.

5          A plaintiff must exhaust administrative remedies for his claim before filing an FTCA

6    action in federal court. 28 U.S.C. § 2675(a); *Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008,

7    1018-19 (9th Cir. 2007). An administrative claim is deemed exhausted once the relevant agency

8    finally denies it in writing, or if the agency fails to make a final disposition of the claim within six

9    months of the claim's filing. 28 U.S.C. § 2675(a). The FTCA's exhaustion requirement is

10   jurisdictional and cannot be waived. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

11         Accordingly, in preparing an amended complaint, if Plaintiff seeks to bring an FTCA claim

12   based on allegations that the BOP or a BOP employee committed intentional torts, he must (1)

13   first exhaust his administrative remedies; (2) name the United States, and not the BOP, as the

14   correct defendant; and (3) only seek relief for intentional torts such as malicious prosecution, false

15   imprisonment, abuse of process, abuse of authority, false imprisonment/wrongful arrest,

16   dishonesty/fraud, false arrest, libel, slander, or defamation of character, if the intentional tort was

17   committed by an investigative or law enforcement officer.

18         Fourth, Plaintiff has not stated a claim for violation of 18 U.S.C. § 3621, or the Americans

19   with Disabilities Act, 42 U.S.C. § 12101.

20         18 U.S.C. § 3621 governs the authority of the BOP to designate a prisoner's placement in

21   general while he is in the BOP's custody. *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010).

22   Section 3621(b) specifies that "[n]otwithstanding any other provision of law, a designation of a

23   place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court." 18 U.S.C. §

24   3621(b). Federal courts therefore lack jurisdiction over challenges to the BOP's individualized

25   placement determinations. *See Lu v. Derr*, C No. CV 22-00090 JAO-RT, 2022 WL 1156321, at

26   *2 (D. Haw. Apr. 19, 2022); *see also Gullett v. Salas*, C No. 2:21-cv-05720-JAK-JDE, 2021 WL

27   3171967, at *2 (C.D. Cal. July 27, 2021). Moreover, any claim for violation of Section 3621 fails

28   on the merits. Section 3621 does not require the BOP to place Plaintiff in a facility within 500

1  driving miles of his primary residence, but merely requires that proximity to Plaintiff's primary
2  residence be factored into the placement determination. 18 U.S.C. § 3621(b). Plaintiff's claim
3  pursuant to 18 U.S.C. § 3621 is DENIED with prejudice.

4  The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits discrimination
5  against persons with disabilities. Title I of the ADA prohibits discrimination against a qualified
6  individual with a disability in the employment context. Title II of the ADA requires public entities
7  to make their programs and services equally accessible to individuals with disabilities. Title III of
8  the ADA prohibits owners, operators, and lessees of places of public accommodations from
9  prohibiting against individuals on the basis of disability with regards to the full and equal
10 enjoyment of the goods, services, facilities, or accommodations of the place of public
11 accommodation. Title IV requires that all telecommunications companies in the U.S. take steps to
12 ensure functionally equivalent services for consumers with disabilities, notably those who are deaf
13 or hard of hearing and those with speech impairments. Plaintiff has not identified his disability,
14 and the complaint does not allege discrimination in the employment context, or that a public entity
15 denied him services based on a disability, or that he was denied full and equal enjoyment of the
16 goods, services, facilities, or accommodations of a place of public accommodation, or that he was
17 unable to use a telecommunications service due to his disability. Accordingly, Plaintiff has not
18 stated a claim under the ADA. Because it is unclear if Plaintiff could state a claim under the
19 ADA, his ADA claim is DISMISSED with leave to amend.

## CONCLUSION

21 For the foregoing reasons, the Court orders as follows.

22 1. The Court GRANTS the motions to dismiss filed by the GEO Group and by the
23 Federal Defendants. ECF Nos. 27, 38. The Court DISMISSES with prejudice the claim that
24 Defendants violated 18 U.S.C. § 3621. The remainder of the complaint is DISMISSED with leave
25 to amend.

26 2. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an
27 amended complaint that addresses the identified deficiencies. The amended complaint must
28 include the caption and civil case number used in this order, Case No. C 22-04276 JST (PR) and

the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty*., 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates ECF Nos. 27, 38.

**IT IS SO ORDERED.**

Dated:  September 28, 2023



JON S. TIGAR
United States District Judge