UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK HALEEM SWINTON,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No. 22-cv-04276-JST<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING AS MOOT MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 50, 51 |

Plaintiff has filed a *pro se* action against defendants Geo Group Inc. and the United States of America. His amended complaint (ECF No. 49) is now before the Court for review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court screens the amended complaint; DISMISSES the amended complaint with leave to amend; and DENIES as moot the motions to dismiss filed by the United States of America and GEO Group, ECF Nos. 50, 51

**DISCUSSION**

**A.    Screening Obligation**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff seeks redress from the Department of Justice, a governmental agency. Accordingly, 28 U.S.C. § 1915A(a) requires the Court to conduct a preliminary screening of the operative complaint.

In its preliminary screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993

1  (9th Cir. 2020). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
2  of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts
3  are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is
4  and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations
5  omitted). While Rule 8 does not require detailed factual allegations, it demands more than an
6  unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662,
7  677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the
8  elements of a cause of action, or naked assertions devoid of further factual enhancement does not
9  suffice. *Id.*

## B. Amended Complaint

The amended complaint names as defendants Geo Group, Inc. and the United States of America. Plaintiff identifies as African American and states that he suffers from the following disabilities: PTSD, mental health disorders, and severe osteoarthritis in his back, shoulders, and knees. Geo Group Inc. appears to run the federal residential re-entry center/halfway house at which Plaintiff was housed at the time of the relevant events.

The amended complaint makes the following factual allegations. In September 2020, Plaintiff was arrested without probable cause and without being charged with a violation of state or federal law, or of the halfway house rules. Plaintiff was held in county jail for over two months without being charged with a crime. Plaintiff was finally told that he was being detained for impersonating a peace officer and unlawfully carrying a firearm. After his release from county jail, Plaintiff was forced to remain in the custody of defendant Geo Group Inc. for a month before being set free.

The amended complaint sets forth the following legal claims.

Plaintiff alleges that the failure of Geo Group employees to tell him why he was being removed from the Geo Group-run halfway house and sent to jail, the failure of Geo Group employees to provide him with written or verbal warning of a crime or halfway house violation, and the attempt by Geo Group employees to cover up his arrest and detention violated the Fourth Amendment prohibition against unreasonable search and seizure, the Sixth Amendment right to

1 speedy trial and confrontation of witnesses, and the Eighth Amendment prohibition against cruel
2 and unusual punishment; and which deprived him of the citizenship rights set forth in Section 1 of
3 the Fourteenth Amendment.  Plaintiff further alleges that the Geo Group's actions denied him drug
4 and alcohol treatment and medical treatment due to his race and his disabilities, in violation of the
5 Americans with Disabilities Act, the Civil Rights Act of 1964, and "60 Am. Jur.2d Penal and
6 Correctional Etc. 122."  Plaintiff also alleges that the Geo Group Inc. improperly denied him the
7 services of a halfway house in violation of the United States Probation and Pretrial Services
8 Halfway House Rules and Regulations.

9 Plaintiff alleges that defendant United States of America has falsely accused him twice of
10 firearms crimes, despite having no evidence supporting such accusations, in violation of the
11 LEOSA Reform Act, the Fourth Amendment's prohibition on unreasonable search and seizure, the
12 Sixth Amendment right to a speedy trial and to confront one's witnesses, the "Fifth Amendment –
13 Trial and Punishment, Compensation for Taking," and the Eighth Amendment prohibition against
14 cruel and unusual punishment; and which deprived him of the citizenship rights set forth in
15 Section 1 of the Fourteenth Amendment.  Plaintiff further alleges that defendant United States of
16 America denied him reasonable accommodations by a federally contracted facility due to his race
17 and his disabilities, in violation of the Americans with Disabilities Act, the Civil Rights Act of
18 1964, and 60 Am. Jur.2d Penal and Correctional Etc. 122.  Plaintiff also alleges that defendant
19 United States of America improperly denied him the services of a halfway house in violation of
20 the United States Probation and Pretrial Services Halfway House Rules and Regulations.

21 Plaintiff seeks compensatory, statutory, and punitive damages.  ECF No. 49 at 10.

22 The Court DISMISSES with prejudice the claim for violation of 60 Am. Jur.2d Penal and
23 Correctional Etc. 122.  The American Jurisprudence, Second Edition, is a legal encyclopedia that
24 generally summarizes legal principles but the summaries are not law.  To the extent that Plaintiff
25 believes that Defendants have taken actions inconsistent with legal summaries set forth in the
26 American Jurisprudence, 2d ed., this fails to state a claim for relief.

27 The Court DISMISSES with prejudice the claim for violation of the United States
28 Probation and Pretrial Services Halfway House Rules and Regulations.  The Court is unaware of

1   any rules and regulations promulgated by the United States Probation and Pretrial Services, and
2   any such rules and regulations are not federal law.
3         The Court DISMISSES with prejudice the claim for violation of the Americans with
4   Disabilities Act ("ADA") because the ADA does not apply to the United States or federal
5   agencies.  *See* 42 U.S.C. § 12131(1)(A) & (B) ("public entity" includes any state or local
6   government or any department, agency, special purpose district or other instrumentality of a state
7   or states or local government); *see, e.g., Claget v Woodring*, C No. CV 08-6251-JFW (MAN),
8   2008 WL 11461743, at *4 (C.D. Cal. Oct. 29, 2008) (collecting cases).[1]
9         The Court DISMISSES the constitutional claims against Geo Group, Inc. with prejudice.
10  With respect to the claims that Geo Group has violated the Fourth, Sixth, Eighth, and Fourteenth
11  Amendment, there is no private right of action for damages against private entities acting under
12  color of federal law.  *Corr. Svcs. Corp. v. Malesko*, 534 U.S. 61 (2001) (*Bivens* does not confer
13  right of action for damages against private entities acting under color of federal law; holding that
14  private corporation operating halfway house under contract with Bureau of Prisons therefore not
15  subject to suit seeking damages for negligence).
16        The Court DISMISSES the remainder of the amended complaint with leave to amend,
17  noting the following deficiencies in the remaining claims.
18        The Title VI of the Civil Rights Act of 1964 claim suffers from the following deficiency.
19  Title VI of the Civil Right Act of 1964 provides: "No person in the United States shall, on the
20  ground of race, color, or national origin, be excluded from participation in, be denied the benefits
21  of, or be subjected to discrimination under any program or activity receiving Federal financial

---

[1] The Rehabilitation Act, the precursor to the ADA, applies to federal agencies, contractors, and recipients of federal financial assistance.  *See Lovell v. Chandler*, 303 F.3d 1039, (9th Cir. 2002). However, the allegations in the amended complaint also fail to state a claim for violation of the Rehabilitation Act.  Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), provides that "[n]o otherwise qualified individual with a disability, as defined in Section 702(20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a).  Here, to the extent that Plaintiff was denied access to drug and alcohol treatment or other programming from the halfway house operated by Geo Group, Inc., the denial was effected by his removal from the halfway house and not because of his alleged disabilities of PTSD, mental health disorders, and severe osteoarthritis in his back, shoulders, and knees.

1   assistance." 42 U.S.C. § 2000d.  Here, to the extent that Plaintiff was denied access to drug and
2   alcohol treatment or other programming from the halfway house operated by Geo Group, Inc., the
3   denial was the result of his removal from the halfway house.  There are no allegations from which
4   it can be reasonably inferred that Plaintiff was arrested because of his race.  Plaintiff's conclusory
5   allegation that he was "discriminated against based on [his] race and disabilities" is insufficient to
6   state a Title VI claim.

7           The Law Enforcement Officers Enforcement Safety Act ("LEOSA") claim suffers from the
8   following deficiency.  LEOSA is "a federal statute that establishes the right of qualified law
9   enforcement officers, both active and retired, to carry a concealed weapon if they meet certain
10  conditions."  *McMillan v. Garland*, No. CV-21-00911-PHX-SPL, 2022 WL 44673, at *3 (D. Ariz.
11  Jan. 5, 2022).  There is no private right of action under LEOSA unless the officer already has the
12  identification and certification required by 18 U.S.C. § 926C(d).  *Acosta v. City of Chino*, C No.
13  CV 18-914 DSF (KKx), 2021 WL 9700611, at *8 (C.D. Cal. Sept. 1, 2021); *see also Risby v.*
14  *Johnson*, C No. SACV 15-011119 AG (JCGx), 2016 WL 11760588, at *2-*3 (C.D. Cal. Feb. 22,
15  2016) (no private right of action under LEOSA, collecting cases).  Although Plaintiff alleges that
16  "at the time of [his] arrest, [he] had [his] retired Federal law Enforcement Officer credentials and
17  my Department of Defense/Uniformed Services Identification and Privilege card on me from the
18  United States Military," and that "[his] retired Federal law Enforcement Officer credentials
19  qualified [him] for Concealed Carry Authorized by the U.S. Department of Justice," ECF No. 48
20  at 2, he fails to allege compliance with § 926C(d).  For example, that section requires
21  "photographic identification issued by the agency from which the individual separated from
22  service as a law enforcement officer that identifies the person as having been employed as a police
23  officer or law enforcement officer," but the identification attached to Swinton's complaint
24  identifies him as a Human Resources Specialist. ECF No. 49-1 at 22.  Section 926C(d) also
25  requires that Swinton possess "a certification issued by the State in which the individual resides or
26  by a certified firearms instructor that is qualified to conduct a firearms qualification test for active
27  duty officers within that State" showing that Swinton meets the active duty standards for firearms
28  training.  His complaint does not so indicate.

1          Finally, the claims that federal officers violated Plaintiff's constitutional rights cannot be
2   brought against the United States of America.  "It is elementary that the United States, as
3   sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be
4   sued in any court define that court's jurisdiction to entertain the suit.  A waiver of sovereign
5   immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445
6   U.S. 535, 538 (1980) (citation, alterations, and internal quotation marks omitted).  In *Bivens v. Six*
7   *Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court recognized an implied
8   private right of action for damages against federal officers alleged to have violated a citizen's
9   Fourth Amendment right to be free from unreasonable search and seizure.  *See Bivens*, 403 U.S. at
10  392-97.  The Supreme Court has only extended *Bivens*' implied cause of action in two specific
11  situations: Fifth Amendment Due Process Clause gender discrimination*, Davis v. Passman*, 442
12  U.S. 228, 248-49 (1979), and Eighth Amendment inadequate medical treatment, *Carlson v. Green*,
13  446 U.S. 14, 17-19 (1980).  "These three cases -- *Bivens*, *Davis*, and *Carlson* – represent the only
14  instances in which the [Supreme] Court has approved of an implied damages remedy under the
15  Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).  The Supreme Court has
16  made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *id.* at 1857
17  (citation omitted), and will not be available if there are "'special factors' counseling hesitation in
18  the absence of affirmative action by Congress," *id.* at 1848 (citation omitted); *see also Chambers*
19  *v. C. Herrera*, 78 F.4th 1100, 1103 (9th Cir. 2023) ("Under *Egbert v. Boule*, 142 S.Ct. 1793, most
20  claims seeking to expand *Bivens* are 'dead on arrival'") (citing to *Harper v. Nedd*, 71 F.4th 1181,
21  1187 (9th Cir. 2023)).  Absent a waiver of sovereign immunity, the *Bivens* remedy exists solely
22  against individual federal officials, not against the United States.  *See Kreines v. United States*, 33
23  F.3d 1105, 1109 (9th Cir. 1994).  A *Bivens* action therefore "can be maintained against a
24  defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-*
25  *Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).  While Plaintiff may amend his claims to
26  name the individual federal officer that allegedly violated his constitutional rights, Plaintiff should
27  keep in mind the limitations on the *Bivens* remedy.
28  / / /

**C.     Motions to Dismiss (ECF Nos. 50, 51)**

Defendants have filed motions to dismiss. ECF Nos. 50, 51. Given the Court's screening obligation, the Court DENIES these motions as moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.     The Court DENIES as moot the motions to dismiss filed by the Department of Justice and the GEO Group. ECF Nos. 50, 51.

2.     The Court DISMISSES the amended complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiencies. The second amended complaint must include the caption and civil case number used in this order, Case No. C 23-04276 JST (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference. Plaintiff may not re-allege claims or defendants that the Court has already dismissed with prejudice. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates ECF No. 50, 51.

**IT IS SO ORDERED.**

Dated: February 20, 2024

_____
JON S. TIGAR
United States District Judge