Malik Haleem Swinton

503 Mission Hill Drive, Fort Wayne IN 46804

(260) 206-9879

deanbrasco@hotmail.com

Pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALIK HALEEM SWINTON,

   Plaintiff,

  vs.

DEPARTMENT OF JUSTICE, et al.,

   Defendants.

Case No: C 23-04276-JST (PR)

**SECOND AMENDED COMPLAINT**

Honorable Jon S. Tigar

United States District Judge

**INTRODUCTION**

Per order by the Honorable U. S. District Judge Jon S. Tiger, the plaintiff was instructed to amend his first complaint to fix the deficiencies that were found. This civil complaint are against the defendants listed below.

**DEFENDANTS**

- James Highsman,
  Sacramento Reentry Officer
  **Department of Justice Federal Bureau of Prisons**

- Matthew Lang,

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

1

Director of the Oakland, CA Halfway House
**The Geo Group Inc.**

**EXHIBITS**

1. Exhibits A-G; are months of administrative remedies and appeals from the plaintiff to the defendants that were thrown away, discarded, and or ignored.

2. Exhibit H and I;  is the expungement from the 2016  illegal  arrest and false imprisonment by the Department of Justice.

3. Exhibit J and K; are the plaintiff Federal Law Enforcement credentials displaying his protection under LEOSA. It also confirms the plaintiff being a qualified peace officer under the law at the time of the false arrest.

4. Exhibit L; the plaintiff Department of Defense/Uniformed Services Identification and Privilege Card.

5. Exhibit M; the ONLY proof the plaintiff was incarcerated. The Department of Justice, the Federal Bureau of Prisons, and The Geo Group has DESTROYED ALL evidence of this arrest and incarceration. *How can someone be arrested and no proof of the arrest was documented?*

6. Exhibit N; additional proof the the plaintiff is and was a disabled military veteran at the time of arrests.

7. Exhibit O; are the plaintiff Concealed Weapon or Firearm License from the State of Florida.

8. Exhibit P; the plaintiff U. S. Department of Veterans Affairs disabled members card.

**DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS**

**FACTUAL BACKGROUND**

In September 2020, the plaintiff was unlawfully imprisoned after being removed from federally contracted halfway house. The plaintiff contacted the Federal Bureau of Prison several times during his 2 plus months in jail. The defendant a federal employee named James Highsman said he will not give the plaintiff an answer as to why he was arrested and detained. The plaintiff

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

was told multiple times that he will not be provided evidence, given written proof, or be told why he was arrested and incarcerated for over 2 months. The plaintiff was eventually released without being compensated for the damages inflicted. The plaintiff had filed and exhausted all administrative remedies but they all went unanswered and or ignored by the Department of Justice Federal Bureau of Prisons and The Geo Group Inc  (See exhibits).

This is the second time the defendant (Department of Justice) has arrested and detained the plaintiff without a warrant,  without probable cause, and without a crime being committed. The 1st time in 2016. In 2016, the plaintiff was charged with impersonating a peace officer and unlawfully carrying a concealed firearm. The plaintiff served  a week in jail for these charges. The plaintiff had his retired Federal Law Enforcement Officer credentials, his Department of Defense/Uniformed Services Identification and Privilege card, and his Concealed Firearms License from the State of Florida on his person at the time of incident (See exhibits).

The plaintiff arrived from Florence Colorado on September 1, 2020, with a white male named Mr. Gregory but within days of living in the halfway house only the black male was removed and stripped of his civil and constitutional rights. The plaintiff believes race and color was a factor of his false arrest and illegal detention. The defendants action was to inflict unnecessary and wanton of pain with a malicious intent.


**ARGUMENT**


Approximately September 2020, the plaintiff Mr. Swinton was unlawfully and unconstitutionally imprisoned after being removed from a federally contracted halfway house for a crime that never occurred.

Under 18 U. S. Code § 3050 -  Bureau of Prisons employees' powers:  Employees can only make arrests without a warrant for violations of the following provisions;

1. *sections 111 (assaulting officers), 751 (escape), 752 (assisting escape) of title 18, United States Code, section 1826(c) (escape), and*
2. *sections 661(theft), 1361 (depredation of property), 1363 (destruction of property), 1791 (contraband), 1792 (mutiny and riot), and 1793 (trespass) of title 18, United States Code; and*
3. *sections 661(theft), 1361 (depredation of property), 1363 (destruction of property), 1791 (contraband), 1792 (mutiny and riot), and 1793 (trespass) of title 18, United States Code; and*


The defendant James Highsman in his personal and official capacity did not have reasonable grounds to believe the plaintiff was guilty of a crime because there was not and still is no evidence that the plaintiff committed any of the offenses stated in the above (*18 U. S. Code 3050*). In addition, there was no evidence of the plaintiff being a fugitive trying to escaping so there was no need for him being returned to custody (being jail or prison).

The defendant was acting under color of federal law allowing a false arrest and illegal

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

detainment of the plaintiff *(See 18 U.S.C. § 242)* . Under the Bivens Action, the arrest and detainment of the plaintiff violated his constitutionally protected right of the _Fourth Amendment_ *to be free from unreasonable search and seizures (See Bivens v. Six Unknown Named Agents, 403 U. S. 388 (1971).* See below why the defendant has lost his protection of qualified immunity.

*Under qualified immunity, an officer can only be sued when no reasonable officer would believe that the officers' conduct was legal. This exception comes from both Graham v. Connor, 490 U.S. 386 (1989) - stating an objective standard for reasonableness which "must be judged from the perspective of a reasonable officer on the scene" - and Justice Ginsburg's concurrence in Saucier v. Katz, 533 U.S. 194 (2001) - stating that "an officer whose conduct is objectively unreasonable under Graham should find no shelter under a sequential qualified immunity test." This rule is to protect government employees executing their working assignments from being personally sued by the defendant.*

**Constitutional Violations**

According to the _Fourth Amendment_ there had to have been a Warrant OR Probable Cause for the arrest of the plaintiff. The plaintiff also had the right to be secure in his persons, houses, papers, and effects, against unreasonable searches and seizures, which should have never been violated, and no Warrants shall issue but upon probable cause. When the plaintiff was arrested and detained without a warrant and or without probable cause this was also called a _Warrantless_. *The Supreme Court in Katz v. United States, 389 U.S. 347 (1967) held that "searches conducted outside the judicial process, without prior approval are prohibited under the Fourth Amendment."*

When the plaintiff was detained for over 2 months despite pleading to the James Highsman and the Federal Bureau of Prisons that he never committed a crime, this was a violation of the plaintiff's _Fifth Amendment_. According the the Fifth Amendment, the plaintiff having his life put in jeopardy twice (2 false arrests and 2 illegal detainments) by the defendants with the same offense against him was Double Jeopardy. In addition, the plaintiff''s Fifth Amendment was violated because he should not have been deprived of life, liberty, or property by losing approximately 3 months combined of his life in county jails and the plaintiff lost 1 month of Good Time he earned as well as other damages caused by these illegal actions.  The plaintiff had to serve 1 extra month on probation for crimes he never committed. In total the plaintiff Mr. Swinton lost approximately 4 months of life because of intentional and deliberate illegal actions just to cause harm to the plaintiff. The plaintiff's rights were violated because he never received Due Process and was never compensated for his loss under the Constitution for the false arrests and illegal incarcerations.

The Federal Bureau of Prisons employee James Highsman who is in charge of the Oakland and San Francisco federally contracted halfway houses told the plaintiff that he needed to filed a complaint and or law suit in court in order to learn why he was arrested and to get back his 1 month of Good Time. According to the _Sixth Amendment_ the plaintiff was to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)                                    4

process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. When the plaintiff was left sitting in a county jail for over 2 months, this was a violation of his _Eight Amendment_ of Cruel and Unusual Punishment. The defendants actions was unconstitutional because the pain inflicted was not done in a good faith attempt to restore discipline, rather it was done maliciously to cause harm to the plaintiff (_See Whitley v. Albers, 475 U.S. 312 (1986)._

- _In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court established that the Eighth Amendment may be violated due to factors related to a prisoner's confinement._
- _In Harmelin v. Michigan, 501 U.S. 957 (1991). AND in Lockyer v. Andrade, 538 U.S. 63 (2003) but stated, in dicta, that in extreme cases, a disproportionate sentence could violate the Eighth Amendment._
- _In Ingraham v. Wright, 430 U.S. 651 (1977), the Supreme Court stated that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment._

### Title VI of the Civil Rights Act of 1964

_Under Title VI of the Civil Rights Act of 1964 provides that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance._

The plaintiff has ground for intentional discrimination based on his race, disability, and color because he was denied the benefits of federal housing based on the circumstantial evidence (_Loyd v. Phillips Bros., Inc.,25 F.3d 518, 522 (7th Cir. 1994); accord Troupe v. May Dep't Stores Co., 20 F.3d 734, 736 (7th Cir. 1994)._

_Based on the Supreme Court case: 1974 Lau v. Nichols, under the Title VI of the Civil Rights act, and the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA) 38 U.S.C. § 4212:_ The plaintiff should have been provided accommodation under the law for the simple fact that the plaintiff is a protected individual being a disabled United States Military Veteran. Four years later, the Department of Justice Federal Bureau of Prisons and James Highsman still will not tell the plaintiff why he was arrested and incarcerated. There was not and there is still no evidence and no witnesses to explain why the plaintiff was removed, arrested, and incarcerated that lost him the accommodations that was provided by law to him. In fact, the plaintiff arrived to the Oakland Halfway House with a white male by the name of Mr. Gregory who was of similar age from the Florence, Colorado on September 1, 2020. But within days, the plaintiff was falsely arrested and illegally detained for over 2 months and Mr. Gregory remained in the halfway house and enjoyed all the privileges that he earned.

The plaintiff was harmed,  mistreated, discriminated against, and had his Constitutional and Civil Rights violated and Mr. Gregory escaped unharmed with all of his Constitutional Rights intact despite both men being equal in all elements under the policies of the Federal Bureau of Prisons. For

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

example: Neither men had warrants for their arrest. Neither men had probable cause against them. Neither men committed a crime. But, an innocent Black man was arrest and sent to jail and a White man remained free. *This was comparative evidence of systematically showing more favorable treatment towards similar situated [individuals] not sharing the protected characteristic (See Civil Rights Division - United States Department of Justice Section VI – Proving Discrimination - Intentional Discrimination).* The circumstantial evidence shows suspicious timing, and inappropriate or unsuitable remarks from the defendant claiming: "James Highsman stated and the Federal Bureau of Prisons did not have to file an Incident Report against the plaintiff and they did not have to give the plaintiff a written warning". The defendant also explained that: "The plaintiff had no rights and there for the only means of getting his Good Time back, and an answer for why the DOJ Federal Bureau of Prisons arrested the plaintiff, and any damages and compensation have to come from the court" (See *Civil Rights Division - United States Department of Justice Section VI – Proving Discrimination - Intentional Discrimination).* This was reiterated to the plaintiff once again on February 16, 2024 at 11:04 am on a telephone call with the defendants. The defendants knew their actions were illegal once the plaintiff filed a civil complaint in federal court.

### Law Enforcement Officers Safety Act  (LEOSA)

Under LEOSA and the Federal Bureau of Prisons own policies, the plaintiff was first a Federal Correctional Officer and later was promoted to a Human Resources position. A Correctional Officer and a Human Resources Specialist are both Federal Law Enforcement Officers because both work inside of a federal correctional institution that required many duties, but in this case, the use of multiple firearms.

Along with all other federal correctional institution employees, a Human Resources Specialist is charged with the responsibility for maintaining security of the institution. The staff correctional responsibilities precede all others required by this position and are performed on a regular and recurring basis. As soon as the plaintiff retired or separated from service he qualified for his Concealed Weapon or Firearms License from the State of Florida. The plaintiff received his license from the State of Florida law enforcement agency on 7/14/2014.

When the plaintiff was arrest for impersonating a peace officer while in possession of a concealed firearm in 2017 and in 2020 by the Department of Justice: The plaintiff had the following on his person; his *Concealed Weapon and Firearms License, his Department of Justice Retired Federal Law Enforcement Credentials, his Department of Defense/Uniformed Service Identification and Privilege Card, and his U. S. Department of Veterans Affairs healthcare card (See exhibits).* Each time the plaintiff was arrested and incarcerated the defendant violated his LEOSA Act and it violated the plaintiff *14th Amendment of Citizenship Rights.* The plaintiff had a right to carry his Federal Law Enforcement credentials, Concealed Carry License, and firearm without losing the privileges of a United States citizen. The plaintiff was deprived of life, liberty, and property as well as equal protection of the laws. The plaintiff Mr. Swinton has been and always were a legal peace officer even

in his retirement.

## Legal Standards

1. *Law Enforcement Officers Safety Act  (LEOSA).*

2. *Fourth Amendment Rights of Search and Seizure.*

3. *Fifth Amendment Rights of Trial and Punishment, Compensation for Takings.*

4. *Sixth Amendment Rights Right to Speedy Trial, Confrontation of Witnesses.*

5. *Eight Amendment Rights of Cruel and Unusual Punishment.*

6. *14th Amendment of Citizenship Rights.*

7. *Civil Rights Division - United States Department of Justice Section VI – Proving Discrimination - Intentional Discrimination.*

8. *Comparative evidence of systematically showing more favorable treatment towards similar situated [individuals] not sharing the protected characteristic (See Civil Rights Division - United States Department of Justice Section VI – Proving Discrimination - Intentional Discrimination.*

9. *Under Title VI of the Civil Rights Act of 1964.*

10. *Loyd v. Phillips Bros., Inc.,25 F.3d 518, 522 (7th Cir. 1994); accord Troupe v. May Dep't Stores Co., 20 F.3d 734, 736 (7th Cir. 1994).*

11. *1974 Lau v. Nichols, under the Title VI of the Civil Rights act, and the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA) 38 U.S.C. § 4212.*

12. *In Estelle v. Gamble, 429 U.S. 97 (1976).*

13. *Harmelin v. Michigan, 501 U.S. 957 (1991). AND in Lockyer v. Andrade, 538 U.S. 63 (2003).*

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

14.  *Ingraham v. Wright, 430 U.S. 651 (1977).*

15. *Warrantless.*

16. *18 U. S. Code § 305*0.

17. *18 U.S.C. § 242 .*

18. *Bivens v. Six Unknown Named Agents, 403 U. S. 388 (1971).*

19. *Graham v. Connor, 490 U.S. 386 (1989).*

20. *Saucier v. Katz, 533 U.S. 194 (2001).*

## THE GEO GROUP
### Factual Background

In September 2020, the plaintiff was unlawfully imprisoned after being removed from federally contracted halfway house. The plaintiff contacted the Geo Group Inc. several times during his 2 plus months in jail. The defendant a Geo Group Inc. employee by the name of Director Matthew Lang refused to tell the plaintiff why he was being arrested and detained at approximately 8:00 am. The defendant refuse to explain when the plaintiff asked: "Why am I being arrested?"

The plaintiff was eventually released 2 ½ months in jail and was transferred from Oakland to San Francisco, CA without being compensated for the damages inflicted. The defendant also refused to release the plaintiff's personal property for 1 month despite employees traveling to and from Oakland to San Francisco daily.

The plaintiff traveled from Florence Colorado to Oakland California on September 1, 2020, with a white male named Mr. Gregory but within days of living in the halfway house only the black male was removed and stripped of his civil and constitutional rights. The plaintiff believes race and color was a major factor of his false arrest and illegal detention. The defendants action was to inflict unnecessary and wanton of pain with a malicious intent.

### Argument

Approximately September 5, 2020, the plaintiff Mr. Swinton was unlawfully and unconstitutionally imprisoned after being removed from a federally contracted halfway house for a

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)                    8

crime that never occurred. .

**Definite Statements and Legal Evidence**

The simple facts are: The plaintiff being an African American male, disabled Military Veteran, Retired Department of Justice Federal Law Enforcement Officer, and carrying his Concealed Carry Firearm License was attempting to enjoy the rights afforded to him inside of a federally contracted halfway house like dozens of other people at the time. The plaintiff was awoken and brought downstairs by the command of the house Director Matthew Lang and had handcuffs put on him by the U. S. Marshals. The U. S. Marshals even told the plaintiff they did not know why they were called and they did not know why the plaintiff was arrested. After the plaintiff was falsely arrested he was taken to the federal court house for approximately 6-8 hours with very little clothing on during the fall season. Also, the sheriff deputies had nothing to do with the arrests and this complaint because they just transported the plaintiff from the court house to Dublin, CA Santa Rita county jail.

In fact, when the plaintiff arrived to the county jail the first people the plaintiff spoke to was a deputy sheriff and a nurse. They both asked the plaintiff; "why was he brought in today because we do not have a record of your arrest?" The deputies thought that was bizarre. The plaintiff told the deputy and the nurse that; "he did not know why he was arrested!" Both deputy and nurse said that was easily a false arrest. This false arrest and illegal detention was later verified when the plaintiff asked for the proof of arrest from the halfway house. The plaintiff was told no arrest existed. As another fact just to prove this is a cover up: When entering and exiting the halfway house, both movements have to be recorded. The plaintiffs exit from the Oakland halfway house does not exist. The plaintiff was arrest because of his race and color. Four years later, the defendants still do not have proof of a warrant and or probable cause for the removal of the plaintiff.

This Civil Rights violations and Cover Up (*See 18 U.S.C. § 1001)* is the fault of Matthew Lang and the Geo Group Inc. This is all true and facts that will easily be discovered during the discovery process, if this is not settled beforehand. Matthew Lang ordered the arrest of the plaintiff and Mathew Lang was given authorization by the Geo Group Inc. Therefore, both parties are responsible for the false arrest and illegal detention of the plaintiff. Matthew Lang and the Geo Group Inc. knowingly and willfully lied to the U. S. Marshals and the Santa Rita Jail about why the plaintiff was arrested (*See United States v. Lange*, 528 F.2d 1280, 1287-89 (5th Cir. 1976).

*The prohibition of 18 U.S.C. § 1001 requires that the false statement, concealment or cover up be "knowingly and willfully" done, which means that "The statement must have been made with an intent to deceive, a design to induce belief in the falsity or to mislead, but § 1001 does not require an intent to defraud -- that is, the intent to deprive someone of something by means of deceit." United States v. Lichenstein, 610 F.2d 1272, 1276-77 (5th Cir.), cert. denied, 447 U.S. 907 (1980). The government may prove that a false statement was made "knowingly and willfully" by offering*

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

9

*evidence that defendants acted deliberately and with knowledge that the representation was false. See United States v. Hopkins, 916 F.2d 207, 214 (5th Cir. 1990). The jury may conclude from a plan of elaborate lies and half-truths that defendants deliberately conveyed information they knew to be false to the government. Id. at 214-15.*

Matthew Lang and the Geo Group commit an illegal act "knowingly" to do so with knowledge or awareness of the facts or situation, and not because of mistake, accident or some other innocent reason (*See Fifth Circuit Pattern Jury Instructions*, § 1.35 (1990)). The defendants made a false statement and knew the plaintiff was innocent and the defendants have been trying to cover up these illegal actions for the past 4 years (See *United States v. Evans, 559 F.2d 244, 246 (5th Cir. 1977), cert. denied, 434 U.S. 1015 (1978)).* The defendants attorney Susan Coleman et al wants the court and plaintiff to believe this nonsensical and ridiculous theory that the U. S. Marshal and Santa Rita jail conspired against the plaintiff for his arrest and detention out of a Federally Protected and Federally Contracted building.

A question for the defendants: Why would the U. S. Marshals and county jail want someone already being held without providing a warrant or probable cause? That doesn't make sense. Mr. Lang and the Geo Group Inc. for a reason only known to them wanted this black male out of their building.

According to federal law, defendants Matthew Lang and the Geo Group Inc is not relieved of the consequences of a material misrepresentation by lack of knowledge when the means of ascertaining truthfulness are available. In appropriate circumstances, the government may establish the defendant's knowledge of falsity by proving that the defendant either knew the statement was false or acted with a conscious purpose to avoid learning the truth. *See United States v. West*, 666 F.2d 16, 19 (2d Cir. 1981); *Lange*, 528 F.2d at 1288; *United States v. Clearfield*, 358 F. Supp. 564, 574 (E.D. Pa. 1973).

Proof that the defendant acted with reckless disregard or reckless indifference may therefore satisfy the knowledge requirement, when the defendant makes a false material statement and consciously avoids learning the facts or intends to deceive the government. *See United States v. Schaffer, 600 F.2d 1120, 1122 (5th Cir. 1979).* The term "willfully" means no more than that the forbidden act was done deliberately and with knowledge, and does not require proof of evil intent. *McClanahan v. United States*, 230 F.2d 919, 924 (5th Cir. 1955), *cert. denied*, 352 U.S. 824 (1956); *McBride v. United States*, 225 F.2d 249, 255 (5th Cir. 1955), *cert. denied*, 350 U.S. 934 (1956). An act is done "willfully" if done voluntarily and intentionally and with the specific intent to do something the law forbids. There is no requirement that the government show evil intent on the part of a defendant in order to prove that the act was done "willfully." *See generally United States v. Gregg*, 612 F.2d 43, 50-51 (2d Cir. 1979); *American Surety Company v. Sullivan*, 7 F.2d 605, 606 (2d Cir. 1925)(Hand, J.); *United States v. Peltz*, 433 F.2d 48, 54-55 (2d Cir. 1970),*cert. denied*, 401 U.S. 955 (1971) (involving 15 U.S.C. § 32(a). *See also* 1 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, *Federal Jury Practice and Instructions*, § 17.05 (1992).

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

10

**Legal Standards**

1. *Under Title VI of the Civil Rights Act of 1964 provides that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.*

2. *Loyd v. Phillips Bros., Inc.,25 F.3d 518, 522 (7th Cir. 1994); accord Troupe v. May Dep't Stores Co., 20 F.3d 734, 736 (7th Cir. 1994).*

3. *The Supreme Court case: 1974 Lau v. Nichols, under the Title VI of the Civil Rights act, and the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA) 38 U.S.C. § 4212.*

4. *Civil Rights Division - United States Department of Justice Section VI – Proving Discrimination - Intentional Discrimination).*

5. *18 U.S.C. § 242.*

6. *18 U.S.C. § 1001.*

7. *United States v. Lange, 528 F.2d 1280, 1287-89 (5th Cir. 1976).*

8. *United States v. Lichenstein, 610 F.2d 1272, 1276-77 (5th Cir.), cert. denied, 447 U.S. 907 (1980).*

9. *United States v. Hopkins, 916 F.2d 207, 214 (5th Cir. 1990).*

10. *Fifth Circuit Pattern Jury Instructions, § 1.35 (1990).*

11. *United States v. Evans, 559 F.2d 244, 246 (5th Cir. 1977), cert. denied, 434 U.S. 1015 (1978)).*

12. *United States v. West, 666 F.2d 16, 19 (2d Cir. 1981); Lange, 528 F.2d at 1288; United States v. Clearfield, 358 F. Supp. 564, 574 (E.D. Pa. 1973).*

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)                    11

13. *United States v. Schaffer, 600 F.2d 1120, 1122 (5th Cir. 1979).*

14. *McClanahan v. United States*, 230 F.2d 919, 924 (5th Cir. 1955), *cert. denied*, 352 U.S. 824 (1956);

15. *McBride v. United States*, 225 F.2d 249, 255 (5th Cir. 1955), *cert. denied*, 350 U.S. 934 (1956).

16. *United States v. Gregg*, 612 F.2d 43, 50-51 (2d Cir. 1979); *American Surety Company v. Sullivan*, 7 F.2d 605, 606 (2d Cir. 1925)(Hand, J.).

17. *United States v. Peltz*, 433 F.2d 48, 54-55 (2d Cir. 1970),*cert. denied*, 401 U.S. 955 (1971) (involving 15 U.S.C. § 32(a).

18. 1 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, *Federal Jury Practice and Instructions*, § 17.05 (1992).

**Conclusion**

For the foregoing reasons, the plaintiff is asking for compensatory, statutory, and punitive damages. The plaintiff has years of therapy and counseling to be completed from the ongoing years of trauma from the defendants. The plaintiff is also suffering from mental anguish, nightmares, depression, and anxiety because he knows this will happen again if the courts do not finally step in. The defendants continued to cause unprovoked retaliation against the plaintiff and his family. The defendants have caused intentional infliction of emotional distress towards the plaintiff and his family.

Date: October 27,2024

Sign Name:

Print Name: Malik Haleem Swinton

SECOND AMENDED COMPLAINT
CASE NO.: C 23-04276-JST (PR)

12