UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK HALEEM SWINTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>                    Defendants. | Case No. 22-cv-04276-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DISMISSING ACTION WITH PREJUDICE**<br><br>Re: ECF Nos. 71, 73 |

Plaintiff has filed this *pro se* action. Now pending before the Court are (1) the motion to dismiss filed by defendants GEO Group and Matthew Lang, ECF No. 71; and (2) the motion to dismiss filed by the Federal Bureau of Prisons ("BOP"), the Department of Justice ("DOJ"), and James Highsman (collectively, the "Federal Defendants"), ECF No. 73. For the reasons set forth below, the Court GRANTS the motions to dismiss, ECF Nos. 71, 73, and DISMISSES the second amended complaint with prejudice.

## BACKGROUND

### I.    Procedural Background

In this action, Plaintiff seeks relief regarding his removal from a halfway house in Oakland, California in September 2020, and his subsequent arrest and imprisonment. Plaintiff alleges that the arrest and imprisonment were unlawful; that the BOP, the Department of Justice ("DOJ"), the GEO Group, BOP reentry officer James Highsman, and GEO Group Oakland, California halfway house director are responsible for the arrest and imprisonment. *See generally* ECF Nos. 9, 49, 58, 59, 69. As described below, Plaintiff's prior complaints tried, but failed, to state legal claims against these government agencies, private entities, and individuals for the arrest, imprisonment, and related events.

United States District Court
Northern District of California

The initial complaint stated that it was suing two defendants, but listed a total of four parties: two entity defendants, the BOP and the GEO Group; and two individual defendants, James Highsman and Mr. Lang. The initial complaint made the following factual allegations. On September 6, 2020, while Plaintiff was residing at the GEO Group's Oakland halfway house, the GEO Group falsely accused Plaintiff of impersonating a peace officer with the intent of buying or hiding a concealed weapon, resulting in Plaintiff being arrested and imprisoned for two and a half months. The BOP and Highsman refused to tell Plaintiff why he was in custody despite knowing the truth; and "they" were covering everything up. Upon his November 26, 2020 release from BOP custody, Plaintiff moved to San Francisco. Defendants refused to allow Plaintiff to move to Las Vegas despite a court order requiring Plaintiff to reside near his primary residence in Las Vegas. Because Plaintiff could not afford housing in San Francisco, he became homeless, and his mental and physical disabilities worsened. The initial complaint listed various federal statutes and federal constitutional provisions that were allegedly violated by these actions and omissions: the Fifth Amendment's Due Process Clause, the Sixth Amendment's "[r]ight to defend myself"; the Eighth Amendment's prohibition against cruel and unusual punishment; the Fourteenth Amendment's citizenship rights; the Americans with Disabilities Act, 42 U.S.C. §§ 12101; 18 U.S.C. § 3621, which provides that Plaintiff must be placed within 500 miles of his primary residence of Las Vegas, Nevada; and 60 Am. Jur. 2nd Penal and Correctional Etc. 122 American Jurisprudence 2nd Ed., which provides that Plaintiff's civil rights include drug and alcohol treatment. The initial complaint also alleged that these actions constituted malicious prosecution; false imprisonment; negligence; prejudice; retaliation; double jeopardy; abuse of process; abuse of authority; wrongful arrest; injury of innocent bystander; discrimination; racial profiling; dishonesty; libel; slander; defamation of character; and failure to intervene. The initial complaint did not directly link the named defendants or the specific events to any statute or constitutional provisions. *See generally* ECF No. 9.

The Court dismissed the initial complaint because the complaint was unclear as to whom Plaintiff was suing, and what federal statute or constitutional provisions were violated by the alleged actions or inactions. The Court dismissed with prejudice the 18 U.S.C. § 3621(b) claim

for failure to state a claim.  The Court granted Plaintiff leave to file an amended complaint.  The Court cautioned Plaintiff that if he were seeking to assert tort claims against the BOP or its employees, he was required to exhaust his administrative remedies before seeking relief in federal court; and also cautioned that any tort claim might be barred by the Federal Tort Claims Act ("FTCA").  *See generally* ECF No. 48.

Plaintiff filed a first amended complaint, which named as defendants GEO Group and the United States of America.  The first amended complaint made the following factual allegations.  In 2020, Plaintiff was arrested without probable cause and without being charged with a violation of state or federal law, or with a violation of the halfway house rules.  Plaintiff was subsequently held in county jail for over two months without being charged with a crime.  Plaintiff was finally told that he was being detained for impersonating a peace officer and unlawfully carrying a firearm.  The first amended complaint sets forth the following legal claims.  GEO Group employees failed to tell Plaintiff why he was removed from the halfway house and sent to jail; failed to provide him with written or verbal warning of a crime or halfway house violation; and covered up his arrest and detention.  These actions violated the Fourth Amendment prohibition against unreasonable search and seizure; the Sixth Amendment right to speedy trial and confrontation of witnesses; the Eighth Amendment prohibition against cruel and unusual punishment; and the citizenship rights guaranteed by the Fourteenth Amendment.  The United States has falsely accused Plaintiff twice of firearms crimes, despite having no evidence supporting such accusations.  This false accusation violated the Law Enforcement Officers Safety Act ("LEOSA"); the Fourth Amendment's prohibition on unreasonable search and seizure; the Sixth Amendment right to a speedy trial and to confront one's witnesses; the "Fifth Amendment – Trial and Punishment, Compensation for Taking"; and the Eighth Amendment prohibition against cruel and unusual punishment.  This false accusation also deprived Plaintiff of the citizenship rights set forth in Section 1 of the Fourteenth Amendment.  The GEO Group and the United States' actions effectively denied Plaintiff drug and alcohol treatment and medical treatment due to his race and his disabilities, in violation of the Americans with Disabilities Act, the Civil Rights Act of 1964, and "60 Am. Jur.2d Penal and Correctional Etc. 122."  The GEO Group and the United States' actions denied Plaintiff the

United States District Court
Northern District of California

services of a halfway house in violation of the United States Probation and Pretrial Services Halfway House Rules and Regulations. *See generally* ECF No. 49.

The Court dismissed the first amended complaint for failure to state a claim. The Court dismissed with prejudice the claims for violation of 60 Am. Jr.2d Penal and Correctional Etc. 122, the United States Probation and Pretrial Services Halfway House Rules and Regulations, and the Americans with Disabilities Act ("ADA"). The Court also dismissed with prejudice the constitutional claims against GEO Group. The Court dismissed the following claims with leave to amend: the Title VI claim, finding that the conclusory allegation that Plaintiff was "discriminated against based on [his] race and disabilities" was insufficient to state a claim; and the LEOSA claim because Plaintiff failed to indicate compliance with 18 U.S.C. § 926C(d). *See generally* ECF No. 57.

Plaintiff filed two separate proposed second amended complaints. ECF Nos. 58, 59. The proposed second amended complaint filed at ECF No. 58 sued the BOP and BOP Reentry Officer James Highsman; and alleged that they had violated Plaintiff's rights under the Fourth, Fifth, Sixth and Eighth Amendments; the Civil Rights Act of 1964; and the LEOSA. *See generally* ECF No. 58. The proposed second amended complaint filed at ECF No. 59 sued the GEO Group and Matthew Lang, and alleged that they had violated the Civil Rights Act of 1964. *See generally* ECF No. 59.

The Court denied Plaintiff leave to file two separate second amended complaints because there can only be one operative complaint. ECF No. 68. The Court ordered Plaintiff to file one second amended complaint that contained all the claims he wished to present and all of the defendants he wished to sue; and addressed the deficiencies previously identified by the Court.

Plaintiff filed a second amended complaint, which is the operative complaint. ECF No. 69.

## II.    Second Amended Complaint

The second amended complaint ("SAC") names two individual defendants: James Highsman, whom the SAC identifies as the DOJ BOP Sacramento Reentry Officer James Highsman; and Matthew Lang, whom the SAC identifies as the director of GEO Group's halfway house located in Oakland, California. Similar to the prior complaints, the SAC is unclear as to the

connection between the named defendants and Plaintiff's arrest and incarceration; and the SAC cites to numerous statutes and cases, attempting to find any legal basis to hold the named defendants responsible for Plaintiff's arrest and incarceration.

The SAC makes the following factual allegations. Plaintiff is an African American male, a disabled military veteran, and a retired DOJ federal law enforcement officer. Plaintiff possesses a concealed carry firearm license. On September 1, 2020, along with a white male, Mr. Gregory, Plaintiff was released from a BOP facility in Florence, Colorado, and transported to the GEO Group's halfway house in Oakland, California. Within a couple of days, Plaintiff, a black male, was removed from the halfway house without explanation, whereas Mr. Gregory, a white male, was not. When Plaintiff asked defendant Lang why he was being arrested and detained, defendant Lang refused to explain. Plaintiff was held in jail for the next two-and-a-half months. During this time, Plaintiff contacted GEO Group and defendant Highsman several times, asking why he was detained and arrested. Neither GEO Group nor defendant Highsman provided Plaintiff with an answer. Defendant Highsman told Plaintiff multiple times that he would not provide Plaintiff with a reason for his arrest and detention, or evidence or written proof justifying Plaintiff's arrest and detention. Plaintiff was released two and a half months later. Plaintiff was not compensated for the damages inflicted. Plaintiff believes that GEO Group authorized Plaintiff's arrest, and that defendant Lang ordered the arrest after GEO Group authorized it.

The SAC sets forth the following legal claims.

Defendant Highsman violated the Fourth, Fifth, Sixth, and Eighth Amendments; Title VI of the Civil Rights Act of 1964; and the Law Enforcement Officers' Safety Act ("LEOSA"). Defendant Highsman violated the Fourth Amendment when he arrested Plaintiff without a warrant or probable cause. Because Plaintiff has previously been falsely arrested and falsely imprisoned by the BOP in 2016, defendant Highsman's involvement in this arrest violated the Fifth Amendment's prohibition on double jeopardy. The arrest also violated the Fifth Amendment because Plaintiff was not provided with the due process prior to the arrest and detention, and was not compensated for the arrest and detention. Defendant Highsman violated the Sixth Amendment when he failed to inform Plaintiff of the nature and cause of the accusation. The failure to inform

United States District Court
Northern District of California

denied Plaintiff his Sixth Amendment rights to confront the witnesses against him, to obtain witnesses in his favor, and to counsel.  Defendant Highsman violated the Eighth Amendment when he allowed Plaintiff to sit in a county jail for over two months.  Defendant Highsman violated Title VI of the Civil Rights Act of 1964 when he falsely arrested and illegally detained Plaintiff for two months, but did not detain Mr. Gregory, the white male who had travelled with Plaintiff from Florence, Colorado to the halfway house.  Defendant Highsman violated LEOSA, the BOP's own policies, and the Fourteenth Amendment when he arrested Plaintiff for impersonating a peace officer in possession of a concealed firearm.  LEOSA provides that Plaintiff has the right to carry a firearm, due to his status as a retired federal law enforcement officer.  The arrest deprived Plaintiff of life, liberty and property without due process and denied him equal protection of the laws.

Defendants GEO Group and Matthew Lang violated 18 U.S.C. § 1001 when they "made a false statement and knew the plaintiff was innocent and the defendants have been trying to cover up these illegal actions for the past 4 years . . . ."  Defendants GEO Group and Matthew Lang arrested Plaintiff because of his race and color and with malicious intent.  Defendants GEO Group and Matthew Lang had neither a warrant nor probable cause for the arrest.  Defendants GEO Group and Matthew Lang denied Plaintiff the right to reside in a federally contracted halfway house, a right extended to and enjoyed by dozens of other people at the time.

The SAC lists "legal standards" for each defendant, which consists of various federal statutes and federal cases.  The SAC does not specify how these statutes were violated, and does not explain the relevance of the cited cases.  SAC at 7-8 and 11-12.

Plaintiff seeks an unspecified amount of compensatory, statutory, and punitive damages, stating that he suffers from ongoing mental anguish, nightmares, depression, and anxiety.  ECF No. 69 at 12.

**III.    Motions to Dismiss (ECF Nos. 71, 73)**

Defendant GEO Group has filed a motion to dismiss the second amended complaint on behalf of itself and Matthew Lang.  ECF No. 71.  Defendants the Federal Bureau of Prisons ("BOP"), the Department of Justice ("DOJ") and James Highsman ("Highsman") (collectively

"Federal Defendants") have filed a separate motion to dismiss the second amended complaint. ECF No. 73. Plaintiff filed an opposition opposing both motions to dismiss. ECF No. 75. Defendant GEO Group and the Federal Defendants have filed separate replies in support of their respective motions. ECF Nos. 76, 77.

### A.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide a short and plain statement of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

"[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the non-moving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint, *Paulsen*, 559 F.3d at 1071, and need not accept as true legal conclusions cast in the form of factual allegations, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506

United States District Court
Northern District of California

F.3d 895, 899 (9th Cir.2007) (citation and quotation marks omitted).

**B.      GEO Group's Motion to Dismiss (ECF No. 71)**

Defendant GEO Group has appeared on behalf of itself and Matthew Lang (collectively "GEO Group Defendants"). The GEO Group Defendants argue that the SAC fails to state a claim against them because GEO Group, a private corporation, and its employees, did not have the power to arrest Plaintiff, and because Plaintiff has previously acknowledged that GEO Group was not the entity that ordered Plaintiff's arrest. *See generally* ECF No. 71.

Plaintiff opposes the motion to dismiss on the following grounds. Private corporations can be held liable for constitutional and civil rights violations. The GEO Group Defendants operate pursuant to a federal contract with the BOP. The GEO Group owed Plaintiff a duty of care "under the law, Civil Rights, and GEO Group Inc policies." The GEO Group effected the false arrest when defendant Lang called the BOP to pick up Plaintiff for a nonexistent crime. Defendant Lang should have taken action to prevent Plaintiff's removal from the halfway house and subsequent illegal detention because he knew that there was no warrant or probable cause authorizing the arrest. The GEO Group perpetuated the illegal detention when defendant Lang refused to identify Plaintiff's crime for the county jail. Because the criminal charge against Plaintiff was unknown, Plaintiff was unable to bail himself out and could not obtain a court date. Dkt. No. 75 at 4-8.

The Court GRANTS the GEO Group Defendants' motion to dismiss the SAC for failure to state a federal law claim against both defendant GEO Group and defendant Lang.[1]

First, as an initial matter, the GEO Group Defendants did not arrest or incarcerate Plaintiff. Assuming for the sake of argument that defendant Lang called the BOP to arrest Plaintiff for a nonexistent crime, as alleged in the SAC, the GEO Group Defendants were not the individuals or entities that arrested Plaintiff, and did not have the authority or ability to arrest Plaintiff or detain Plaintiff in a correctional facility.

Second, the SAC fails to state a federal law claim. The SAC references three federal

---

[1] The Court has already dismissed with prejudice Plaintiff's constitutional claims against defendants GEO Group and Lang because *Bivens* does not confer a right of action for damages against private entities acting under color of federal law. ECF No. 57 at 4 (citing to *Corr. Svcs. Corp. v. Malesko*, 534 U.S. 61 (2001).

United States District Court
Northern District of California

1  statutes: 18 U.S.C. § 242, 18 U.S.C § 1001, and Title VI of the Civil Rights Act of 1964.  The

2  SAC fails to state a claim for violation of 18 U.S.C. § 242 or 18 U.S.C § 1001 because neither

3  statute provides for a private right of action.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

4  1980) (no private right of action under 18 U.S.C. § 242); *Hammerlord v. Wang*, No. 11-CV-1572-

5  WQH-DHB, 2013 WL 1626326, at *2 (S.D. Cal. Apr. 15, 2013) (no private right of action under

6  18 U.S.C. § 1001) (collecting cases).

7          The SAC also fails to state a Title VI claim because the allegation of intentional

8  discrimination is conclusory at best.  Title VI of the Civil Rights Act of 1964 provides: "No

9  person in the United States shall, on the ground of race, color, or national origin, be excluded from

10  participation in, be denied the benefits of, or be subjected to discrimination under any program or

11  activity receiving Federal financial assistance."  42 U.S.C. § 2000(d).  The private right of action

12  to enforce Title VI is available only in cases of intentional discrimination, and not in cases

13  alleging disparate impact.  *Alexander v. Sandoval*, 532 U.S. 275, 279–81 (2001).  "To state a claim

14  for damages under 42 U.S.C. § 2000d, et seq., a plaintiff must allege that (1) the entity involved is

15  engaging in racial discrimination; and (2) the entity involved is receiving federal financial

16  assistance."  *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994),

17  *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th

18  Cir. 2001).

19          The Title VI claim against defendant Lang fails as a matter of law because Title VI claims

20  cannot be asserted against individual defendants.  The Title VI claim against defendant GEO

21  Group fails because Plaintiff's allegations of discrimination are conclusory and speculative.  The

22  Title VI claim relies solely on the failure also to arrest a white halfway house resident who was

23  transferred from Florence, Colorado to the Oakland halfway house at the same time as Plaintiff.

24  There is no allegation that the white resident was similar to Plaintiff in any material respect, i.e.

25  was a retired law enforcement officer or arrested for possession of a firearm.  The Court

26  DISMISSES the federal law claims against defendants GEO Group and Lang for failure to state a

27  claim.  The Court DISMISSES GEO Group and Lang from this action with prejudice.  Plaintiff

28  has been granted multiple opportunities to state a cognizable claim against defendants GEO Group

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    and Lang arising out of the alleged false arrest and detention, and has been unable to do so.

2    *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.2011)

3    ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has

4    previously amended the complaint.")

5       Plaintiff's other arguments in his opposition fail convince the Court that the operative

6    complaint states a federal law claim.  While private corporations can be held liable for

7    constitutional and civil rights violations, as discussed above, there is no private right of action

8    under most of the federal statutes identified in the SAC, or no private right of action in the factual

9    circumstances alleged by Plaintiff.  The vague and conclusory statement that defendant GEO

10   Group owed Plaintiff a duty of care "under the law, Civil Rights, and GEO Group Inc policies"

11   fails to state a cognizable legal claim.  The Court is unaware of, and Plaintiff has not cited to any,

12   federal law that required defendants GEO Group and Lang to (1) require a warrant and determine

13   the existence of probable cause before allowing law enforcement officials to arrest a halfway

14   house resident; and (2) inform county jails what criminal charges have been brought against

15   former halfway house residents.

16     **C.**  **Federal Defendants' Motion to Dismiss (ECF No. 73)**

17      The Federal Defendants argue that the SAC should be dismissed for the following reasons.

18     *Federal constitutional claims against the DOJ and BOP*.  The federal constitutional claims

19   against the DOJ and BOP fail because a plaintiff cannot sue a federal agency for a *Bivens*-related

20   action.

21     *Federal constitutional claims against defendant Highsman*.  The Fourth Amendment claim

22   against defendant Highsman fails because defendant Highsman did not search Plaintiff or seize his

23   property.   The Fifth and Eighth Amendment claims against defendant Highsman fail because

24   defendant Highsman was not involved in either of Plaintiff's incarcerations and because neither

25   the Fifth or Eighth Amendment required defendant Highsman to speak with Plaintiff or inform

26   Plaintiff of the charges against him.  The Sixth Amendment claim against defendant Highsman

27   fails because there are no facts alleged from which it may be reasonably inferred that defendant

28   Highsman knew why Plaintiff was arrested and detained, or that defendant Highsman was aware

that Plaintiff was being detained in a county jail.  The Sixth Amendment does not impose a duty upon defendant Highsman to ensure Plaintiff received his Sixth Amendment rights of counsel, to confront witnesses, and to obtain the testimony of witnesses.

*Title VI claims*.  The Title VI claim against defendant Highsman fails because Title VI claims cannot be asserted against individuals.  The Title VI claim against defendants BOP and DOJ fail because Plaintiff has not alleged any facts from which it can be reasonably inferred that the DOJ or BOP took any action against him because of his race.  The failure to arrest Mr. Gregory is insufficient to state a claim under Title VI against the BOP or DOJ.

*LEOSA claims*.  Plaintiff's LEOSA claim is dismissed with prejudice because the SAC does not allege any facts to show that the Federal Defendants violated the LEOSA or that Plaintiff possessed the appropriate identification when he was allegedly arrested.  In addition, this claim is vague and ambiguous as to what role the LEOSA played in Plaintiff's alleged arrest and detention.

*Failure to comply with pleading requirements.*  The Federal Defendants argue that the SAC should be dismissed because it fails to comply with Fed. R. Civ. P.'s requirement that the allegations and claims in a pleading be stated in numbered paragraphs.  In the alternative, the Federal Defendants argue that the Court should order Plaintiff to provide a more definite statement because the SAC is so ambiguous that the Federal Defendants cannot reasonably respond.  Plaintiff sometimes refers to "the defendant" without clarifying which defendant he is referring to; the SAC is unclear as to how each defendant is implicated by the allegations or claims; and the SAC fails to state any facts for the claims arising under the federal Constitution that pertain to each Federal Defendant.

Plaintiff opposes the motion to dismiss as follows.  Defendant Highsman refused to give Plaintiff an answer as to why he was arrested or detained.  Defendant Highsman refused to provide evidence supporting, or give written proof regarding, or explain why Plaintiff was arrested and incarcerated.  Plaintiff was told by a federal public defender that he was arrested for attempting to flee or for impersonating a police officer with a weapon, but Plaintiff was innocent of these charges.  Plaintiff has been clear about his claim, which is that defendant Highsman, a DOJ BOP employee, "owes him for the damages that occurred" from the false arrest and detention.

United States District Court
Northern District of California

Defendants have a pattern of ignoring and destroying evidence. Defendants have not presented any evidence that Plaintiff committed a crime. *Bivens* applies to Plaintiff's arrest and detention because it violated the Fourth Amendment. The arrest and detention were not supported by probable cause or authorized by a warrant. The Constitution required defendant Highsman to inform Plaintiff of the nature and cause of the accusation, allow Plaintiff to confront the witnesses against him, allow Plaintiff compulsory process for obtaining witnesses in his favor, and to provide Plaintiff counsel in his defense. Defendant Highsman could have, and should have, stopped the false arrest and illegal imprisonment. *See generally* ECF No. 75.

The Court GRANTS the Federal Defendants' motion to dismiss the SAC for failure to state a federal law claim for the following reasons.

**Federal Constitutional Claims**. The SAC's federal constitutional claims—Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments—against the Federal Defendants fail as a matter of law because there is no *Bivens* remedy for these claims.

The Constitution does not authorize money damages for constitutional violations. In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971), the Supreme Court has held that a private right of action for damages may be implied for constitutional violations by federal employees or their agents. However, the *Bivens* remedy is available only in limited circumstances. The Supreme Court has approved of a *Bivens* remedy in three instances: a Fourth Amendment claim brought by an individual claiming to be the victim of an unlawful arrest and search; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971); a former congressional staffer's Fifth Amendment Due Process claim of dismissal based on gender, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment, *Carlson v. Green*, 446 U.S. 14, 17-19 (1980).

The SAC fails to state a *Bivens* claim against the BOP and the DOJ because a *Bivens* claim cannot be brought against a federal agency. *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1119 (9th Cir. 2009) ("no *Bivens* remedy is available against a federal agency" (citing *FDIC v. Meyer*, 510 U.S. 471, 484 (1994)). The Court therefore DISMISSES with prejudice the federal

United States District Court
Northern District of California

constitutional claims against the BOP and DOJ.

The SAC fails to state a *Bivens* claim against defendant Highsman for violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments for the following reasons. First, the constitutional claims are based on the conclusory and unsupported allegation that defendant Highsman is responsible for Plaintiff's unlawful arrest and detention. The SAC's only factual allegations regarding defendant Highsman are that (1) defendant Highsman is "in charge of the Oakland and San Francisco federally contracted halfway houses"; and that (2) when Plaintiff contacted defendant Highsman from the county jail after his arrest, defendant Highsman refused to tell Plaintiff why he had been arrested and detained and refused to provide Plaintiff with evidence or proof supporting the arrest. It cannot be reasonably assumed from these allegations that defendant Highsman arrested or detained, or directed the arrest or detention of, Plaintiff. Generally speaking, it is law enforcement officials, not BOP officials, who effect arrests.[2] Furthermore, defendant Highsman's sole interaction with Plaintiff took place after the arrest. Second, there is no *Bivens* remedy for violation of the Fifth Amendment prohibition against double jeopardy; or for violation of the Sixth Amendment rights to be informed of the nature and cause of the accusation, to confront the witnesses against one's self, to be provided with process for obtaining witnesses in one's favor, and to counsel; or for violation of the Eighth Amendment prohibition against cruel and unusual punishment; or for violation of the Fourteenth Amendment for failure to provide unspecified due process prior to an arrest. As discussed *supra*, a *Bivens* remedy is available only in the three specific situations identified above. Third, while there is a *Bivens* remedy for a Fourth Amendment claim of unlawful arrest, as discussed above, the SAC fails to state a claim for unlawful arrest by defendant Highsman as defendant Highsman was not involved in the arrest.

The Court DISMISSES the federal constitutional claims (Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment) with prejudice because amendment would be futile. *See Hartmann v.*

---

[2] In limited circumstances—none of which applies here—BOP officers or employees are authorized to make arrests without a warrant for certain violations both on and off BOP property. *See* 18 U.S.C. § 3050 (authorizing warrantless arrests for *inter alia* assaulting officers, escape).

United States District Court
Northern District of California

1    *Cal. De'tt of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny

2    leave to amend when amendment would be futile.").

3          **Title VI Claims.**  The SAC fails to state a claim against the Federal Defendants for

4    violation of Title VI.  Title VI provides that no person shall, "on the ground of race, color, or

5    national origin, be excluded from participation in, be denied the benefits of, or be subjected to

6    discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C.A.

7    § 2000d.  The SAC's Title VI claim relies on the allegation that the Federal Defendants are

8    responsible for Plaintiff's alleged false arrest, thereby preventing Plaintiff from participating in, or

9    benefiting from, the federally funded halfway house.  As discussed above, the SAC makes no

10   allegation from which it can be reasonably inferred that the Federal Defendants arrested Plaintiff.

11   In addition, the SAC fails to allege facts from it can be reasonably inferred that the Federal

12   Defendants discriminated against Plaintiff based on his race.  The fact that Mr. Gregory is white,

13   travelled with Plaintiff from Colorado, and was not arrested when Plaintiff was arrested does not

14   imply that Plaintiff's arrest was racially motivated, in particular because there is no allegation that

15   Mr. Gregory was accused of attempting to flee or impersonating a police officer with a weapon.

16   In addition, the Title VI claim against defendant Highsman also fails because Title VI claims

17   cannot be asserted against individual defendants.  *Fobbs*, 29 F.3d at 1447.  The Court DISMISSES

18   the Title VI claims against the Federal Defendants with prejudice because amendment would be

19   futile.  *See Hartmann*, 707 F.3d at 1130.

20         **LEOSA Claims.**  The SAC fails to state a claim for violation of LEOSA.  LEOSA is "a

21   federal statute that establishes the right of qualified law enforcement officers, both active and

22   retired, to carry a concealed weapon if they meet certain conditions."  *McMillan v. Garland*, No.

23   CV-21-00911-PHX-SPL, 2022 WL 44673, at *3 (D. Ariz. Jan. 5, 2022).  Assuming arguendo that

24   Plaintiff has met the conditions set forth in LEOSA, it is unclear how the Federal Defendants have

25   prevented Plaintiff from carrying a concealed weapon.  To the extent that Plaintiff is arguing that

26   his September 2020 arrest for impersonating a peace officer in possession of a concealed firearm

27   is barred by LEOSA, this claim is barred by *Heck*.  Pursuant to *Heck v. Humphrey*, 512 U.S. 477

28   (1994), a court must dismiss a Section 1983 action where the plaintiff's success in the action

would necessarily imply the invalidity of the plaintiff's conviction or sentence, and the conviction or sentence has not yet been invalidated. *Id.* at 486–87. Where the conviction or sentence has not yet been invalidated, the Section 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings), *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), and the suit should be dismissed, *see Edwards v. Balisok*, 520 U.S. 641, 649 (1997). *Heck*'s requirements apply equally to *Bivens* actions. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). Plaintiff appears to be alleging that his arrest and incarceration were invalid because they violated LEOSA. The *Heck* doctrine precludes the Court from considering such a claim. The Court DISMISSES the LEOSA claim against the Federal Defendants with prejudice because amendment would be futile. *See Hartmann*, 707 F.3d at 1130.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss filed by the GEO Group and Matthew Lang, ECF No. 71, and by the Federal Defendants, ECF No. 73. The dismissal is with prejudice because amendment would be futile and because Plaintiff has been provided multiple opportunities to amend his complaint and has been unable to do so. *See Hartmann*, 707 F.3d at 1130; *Gen. Dynamics C4 Sys., Inc.*, 637 F.3d at 1058. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk is directed to terminate all pending motions as moot and close the case.

This order terminates ECF Nos. 71, 73.

**IT IS SO ORDERED.**

Dated: September 26, 2025

_____
JON S. TIGAR
United States District Judge